**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5217**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CALVIN JERMANE AUDU,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:99-cr-00106-1)

Submitted: April 28, 2010          Decided: May 20, 2010

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Jermane Audu appeals the district court's judgment revoking his supervised release and sentencing him to six months' imprisonment. On appeal, Audu alleges that his sentence is plainly unreasonable because the district court failed to calculate the advisory policy statement range and failed to solicit argument from the parties about the sentence. For the following reasons, we affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439).

To determine whether the sentence is unreasonable, we generally follow the procedural and substantive considerations employed in reviewing original sentences. Crudup, 461 F.3d at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United

2

States, 552 U.S. 38, 51 (2007)], whether a sentence is 'unreasonable.'"). Here, the district court committed procedural error when, at least on the face of the record before us, it does not appear that either the court or the probation officer calculated the advisory policy statement sentencing range. See Gall, 552 U.S. at 51.

Upon finding this procedural error, our next step under Crudup is to determine whether the sentence is "plainly unreasonable," under the definition of "plain" used in plain-error analysis. Crudup, 461 F.3d at 439. "For a sentence to be plainly unreasonable . . . it must run afoul of clearly settled law." United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010). Because the district court's obligation to calculate the advisory policy statement sentencing range has been settled since 2007, see Moulden, 478 F.3d at 656-57, we conclude that its failure to do so is plainly unreasonable.

However, because Audu has not preserved this issue, it is subject to plain error review. Under the plain error standard, the defendant must show that an error was made, is plain, and affects the defendant's substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Because the sentence imposed by the district court was ultimately within the advisory policy statement range and was

within the statutory maximum, we find that the error does not affect Audu's substantial rights.

Finally, we conclude that, contrary to Audu's assertion, he was given ample opportunity to argue for a specific sentence, but did not do so. Therefore, we affirm the district court's revocation of supervised release and the six-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED